# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MURRAY, | CASE NO. 1:02-cv-005978-LJO-DLB PC |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO COMPEL |
| v. | (Doc. 43) |
| CAL A TERHUNE, et al., | |
| Defendants. | |

**Background**

Plaintiff Henry Murray("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Corley and Wallace ("defendants") for retaliation, in violation of the First Amendment. On June 16, 2008, defendants filed a motion to compel further responses to defendants' interrogatories, and for the production of documents. Defendants also seek money and/or terminating sanctions. (Doc. 43). On July 23, 2008, the Court ordered plaintiff to file a response to defendants' motion to compel within thirty (30) days. (Doc. 44). Despite obtaining two extensions of time, Plaintiff failed to file a response with the Court. On November 7, 2008, the Court issued an order requiring Defendants to notify the Court whether they had received a response to defendants' motion to compel. Defendants filed a response on November 10, 2008, indicating that they had not received a response to the motion to compel. Plaintiff had however, served further responses to the interrogatories, with three exhibits attached; Plaintiff did not serve responses to the request for production of documents. (Doc. 54).

**Defendants' Motion to Compel Further Responses to Interrogatories**

**Interrogatory No. 13**

Interrogatory: Identify all property (including the item, brand, and model number, if applicable) which you contend was not sent "home" to your family, as alleged in paragraphs 18 and 20 of your complaint.

Response: See complaint and property card prior to arrival at P.V.S.P. for accuracy.

Defendants contend that Plaintiff's answer is deficient because Plaintiff has not identified the items he contends were not sent home; Defendants further assert that Plaintiff's complaint is unclear.

Plaintiff's response is deficient. The Court is aware that since the filing of the motion to compel, Plaintiff has provided defendants with further responses to the interrogatories; however, Defendants' motion to compel remains outstanding. Defendants' motion to compel a further supplemental response is granted. Within thirty (30) days of service of this order, Plaintiff is to serve a further response to Interrogatory No. 13.

**Interrogatory No. 14**

Interrogatory: State how much you paid for each item of property which you contend was not sent "home" to your family, as alleged in paragraphs 18 and 20 of your complaint.

Response: This question is ambiguous, These item prices are dictated by fair market value.

Plaintiff's response is non-responsive. Plaintiff shall serve an answer to Interrogatory No. 14 within thirty (30) days of service of this order.

**Interrogatory No. 15**

Interrogatory: State all facts supporting your contention that the property you attempted to send "home" never arrived at its intended destination, as alleged in paragraph 18 of your complaint.

Response: This question is vague and ambiguous. Once property was delivered to C/O Corley and paid for it was no longer in my control. However, P.V.S.P stated the property was discarded.

Defendants' motion to compel a further response is granted. Plaintiff is to provide a further response indicating how, when and from whom he learned that his property was not sent home. Of course, if Plaintiff no longer remembers whom at P.V.S.P. he spoke with, or from whom he learned

1  that his property was not sent home, Plaintiff may simply say so in his further response.

2  **Interrogatory No. 16**

3  Interrogatory: State the full address to which you attempted to send your property, as alleged in paragraph 18 of your complaint.

4

5  Response: The information is listed within the complaint.

6  Defendants argue that Plaintiff's answer is non-responsive, and that Plaintiff should identify

7  the full address to which he attempted to send his property. Plaintiff has not objected to the

8  interrogatory, or opposed the motion to compel, and the Court sees no basis upon which to deny

9  Plaintiff's request for a further response. Plaintiff is ordered to provide a further response identifying

10  the full address, within thirty days of service of this order.

11  **Defendants' Motion to Compel Production of Documents**

12  Defendants assert that Plaintiff has not provided any substantive responses, requested an

13  extension of time in which to respond, or provided any explanation for his failure to respond to

14  defendants' request for production of documents. Upon Court order, Defendants filed a status report

15  stating that as of November 10, 2008, Plaintiff still had not served any response to the production

16  of documents.

17  In light of Plaintiff's failure to object to any of the requests, Plaintiff is hereby ordered to

18  respond to defendants' request for production of documents, in full, without objections.

19  Plaintiff is forewarned that if he fails to comply with this order, Plaintiff may be precluded

20  from referring to, or submitting as exhibits at trial, any documents responsive to Defendants' request

21  that are not produced pursuant to this order.

22  **Request for Extension of Dispositive Motion Deadline**

23  Defendants request a modification of the scheduling order to extend the dispositive motion

24  deadline. Defendants state that Plaintiff's failure to respond to the discovery requests have hindered

25  defendants' ability to prepare a dispositive motion. The deadline as set in the Discovery and

26  Scheduling Order is August 18, 2008.

27  ///

28  ///

Defendants filed a motion for summary judgment on August 15, 2008.[1]  It appears that defendants' request is now moot.

**Defendants' Request for Monetary and/or Terminating Sanctions**

Defendant seeks monetary sanctions of $1580 or dismissal of this action for Plaintiff's failure to comply with discovery.[2]  Defendants also note that although Plaintiff is proceeding pro se in this action, he did not bring this action in forma pauperis.

**I.      Request for Money Sanctions**

Rule 37(a)(5)(A) provides that:

**If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)**. If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

The discovery phase of this litigation was opened by court order on October 23, 2007. On April 11, 2008, defendants served plaintiff with Defendants' Interrogatories to Plaintiff (Set One) and Defendants' Request for Production of Documents (Set One).  (Doc. 43, Ganson Decl., ¶¶2, 3).  Plaintiff's responses to these requests were due on May 26, 2008.  (Id., ¶4).  Plaintiff served by mail responses to defendants' interrogatories on June 2, 2008 (Id., ¶7).  Plaintiff did not serve seek an extension of time in which to respond to the discovery requests.  (Id., ¶8). On June 9, 2008, Defendant served a "meet and confer" letter upon Plaintiff inquiring into Plaintiff's

---

[1] A findings and recommendations on defendants' motion for summary judgment has been issued separately from this order.

[2] In their moving papers, Defendants request reimbursement of $1580, reflecting their expense incurred in bringing the motion to compel.  However, it appears that Defendants incurred only $632 in costs in bringing this motion. (Doc. 43, Ganson Decl., ¶11).

4

lack of response to the discovery requests. (Id., ¶6). The following day, Defendants received Plaintiff's answers to the interrogatories (Id., ¶7). On June 16, 2008, Defendants filed the instant motion to compel.

Plaintiff did not timely file an opposition to the motion to compel. On July 23, 2008, the Court ordered Plaintiff to file a response. (Doc. 44). After being granted two extensions of time, Plaintiff still failed to file a response. (Docs. 49, 51).[3]

Plaintiff was provided with an opportunity to be heard as to Defendants' requests for money and/or terminating sanctions. Plaintiff has not provided any explanation for the delay in serving his responses to the interrogatories, and for his complete failure to respond to defendants' motion for production of documents. Accordingly, pursuant to Rule 37(a)(5)(A), the Court finds that Defendants are entitled to their costs of $632 for the preparation of the instant motion to compel. The costs award shall be deducted from plaintiff's damages award if he is successful at trial, or shall be assessed as part of defendants' costs if they prevail at trial.

**ii.     Request for Terminating Sanctions**

Rule 37(b)(2) provides in part:

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f),35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
***

(v) dismissing the action or proceeding in whole or in part.

"Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court

---

[3] Plaintiff did, however, serve upon defendants further responses to the interrogatories, with three exhibits attached, on October 15, 2008. As of November 10, 2008, Plaintiff still has not responded to the request for production of documents. (Doc. 54)

considers:

1. The public's interest in expeditious resolution of litigation;

2. The court's need to manage its docket;

3. The risk of prejudice to the party seeking sanctions;

4. The public policy favoring disposition of cases on their merits; and

5. The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)). Public policy favors disposition of cases on their merits. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof.** For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a Defendant may move for dismissal of an action or of any claim against the Defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.Pro. 41(b). Dismissal under Rule 41(b) is a sanction, to be imposed only in extreme circumstances. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004); Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

It is unclear why Plaintiff has not timely complied with discovery requests and court orders. At a minimum, plaintiff has been negligent. However, the court is not willing to find that the plaintiff acted in bad faith or willful non-compliance in light of the fact that plaintiff did eventually serve responses to the interrogatories. The Court is mindful that Plaintiff is not an attorney and is not

6

1  as familiar with the legal process as opposing counsel.  Plaintiff also filed an opposition to
2  Defendants' motion for summary judgment on November 26, 2008, indicating that he still wants
3  to pursue this action.  Further, there are less drastic sanctions (i.e., money sanctions) available.  For
4  these reasons, the Court does not find that terminating sanctions are appropriate.

**Conclusion**

Based on the foregoing, Defendants' motion to compel, filed June 16, 2008, is GRANTED IN PART AND DENIED IN PART as follows:

1. Plaintiff is ORDERED to serve further responses to Interrogatory Nos. 13, 14, 15 and 16 within thirty (30) days of service of this order;

2. Plaintiff is ORDERED to respond in full, and without objection, to Plaintiff's Request for Production of Documents, Set One, within thirty (30) days of service of this order;

3. Defendants' request for extension of the dispositive motion deadline is disregarded as MOOT;

4. Plaintiff is ordered to pay sanctions in the amount $632.00, representing the reasonable expenses incurred by defendants. This payment shall be deducted from plaintiff's damages award if he prevails at trial, or assessed as part of defendants' costs if they prevail at trial; and

5. Defendants' request for terminating sanctions is DENIED.

IT IS SO ORDERED.

Dated: **January 12, 2009**             /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE