# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MURRAY, | Case No. 1:02-cv-05978-LJO-DLB (PC) |
|       Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED |
| v. | |
| WALLACE, et al., | (Doc. 47) |
|       Defendants. | |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Findings

### A. Procedural History

Henry Murray ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed April 3, 2003, against defendants M. Wallace and R. Corley ("Defendants") on Plaintiff's retaliation claim. On August 15, 2008, Defendants filed a motion for summary judgment. (Doc. 47.) On November 26, 2008, Plaintiff filed an opposition to Defendants' motion, after obtaining an extension of time. (Doc. 55.)[1] On December 5, 2008, Defendants filed their reply to Plaintiff's opposition and their objections to Plaintiff's facts in Opposition. (Docs. 56 & 57.)

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed on June 1, 2006. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 13.)

1

**B.     Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

1  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and
2  that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict
3  for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir.
4  1987).

5        In the endeavor to establish the existence of a factual dispute, the opposing party need
6  not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed
7  factual dispute be shown to require a jury or judge to resolve the parties' differing versions of
8  the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment
9  is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need
10 for trial.'"  Matsushita, 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e) advisory committee's note
11 on 1963 amendments).

12       In resolving the Motion for Summary Judgment, the Court examines the pleadings,
13 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
14 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, Anderson, 477
15 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the
16 court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (*citing* United
17 States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(*per curiam*).  Nevertheless, inferences are not
18 drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from
19 which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-
20 45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

21       Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
22 show that there is some metaphysical doubt as to the material facts.  Where the record taken as a
23 whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine
24 issue for trial.'"  Matsushita, 475 U.S. at 587 (*citation omitted*).
25 //
26 //
27
28

**C.     Undisputed Facts**[2]

1. Plaintiff transferred to Pleasant Valley State Prison (PVSP) on November 14, 2000.
2. Plaintiff's property arrived at PVSP at a later date.
3. On December 5, 2000, Plaintiff was ducated to Receiving and Release (R&R) to retrieve his property.
4. Defendants Corley and Wallace were working in R&R.
5. Defendant Corley issued Plaintiff his property.
6. Defendant Corley informed Plaintiff that a number of items were not allowed within the institution.
7. Plaintiff was informed that the property could be donated, or sent home at his expense.
8. Plaintiff inquired about the grievance procedure for challenging the confiscated property.
9. Defendant Corley informed Plaintiff that the property would be held in R&R until the resolution of his grievance.

---

[2] "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those facts that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial." Local Rule 56-260(b). In this instance, Plaintiff did not comply with the Local Rule. Plaintiff submitted an Opposition which included a Facts in Dispute section. However, Plaintiff did not admit undisputed facts or deny facts that are disputed. Therefore, Defendants' Statement of Undisputed Facts is accepted except where contradicted by Plaintiff's verified amended complaint and opposition. Plaintiff's verified amended complaint and opposition may be treated as opposing affidavits to the extent that they are verified and set forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985).

Defendants object to Plaintiff's Disputed Facts at Opposition p. 2:18-3:6 on the grounds that Plaintiff does not provide or cite any supportive evidence. (Doc. 57, p. 1.) As stated previously, a verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. Johnson, 134 F.3d at 1399-1400. Defendants' objection here is denied.

Defendants also object to Opposition p. 3:4-6 on the grounds that it is a legal conclusion. (Id., p. 2.) Legal conclusions are not facts and therefore the Court sustains Defendants' objection here.

10. Plaintiff claims he filled out a trust account slip to send the property home, and prepaid the postage by giving defendant Corley stamps.

11. A few weeks later, Plaintiff received the trust account slip and the unused stamps with a note from Corley that the total cost was only $5.07, but he used 17 stamps totaling $5.61 "just to be safe."

12. Plaintiff's confiscated property was boxed and sealed.

13. Plaintiff filed a grievance regarding the confiscated property.

14. When Plaintiff contacted R&R and asked that his property be sent home, he was informed that R&R did not have his property.

15. The alleged retaliation by defendants Corley and Wallace has "absolutely not" affected Plaintiff's willingness to file administrative grievances.

16. Since December 2000, Plaintiff has filed approximately eighty-two administrative grievances.

17. The alleged retaliation by defendants Corley and Wallace has not affected Plaintiff's willingness to file lawsuits.

18. Since December 2000, Plaintiff has filed at least four civil rights lawsuits.

19. If Plaintiff feels an adverse situation is affecting him he will file an appeal or a lawsuit, or do whatever he has to do to better the situation.

D.   **Analysis**

   *1. Summary of Amended Complaint*

In his amended complaint, Plaintiff alleges that defendants Corley and Wallace retaliated against Plaintiff for inquiring about and filing grievances concerning some of Plaintiff's confiscated property. Plaintiff grieved the confiscation of his property. Corley allegedly informed Plaintiff that Plaintiff's confiscated property would remain at R&R pending the resolution of Plaintiff's grievance. Plaintiff alleges that he completed the grievance process and lost. Plaintiff alleges that he requested his confiscated property be sent home. Plaintiff alleges that his property was no longer at R&R, but had not been sent home. Plaintiff alleges that defendants Corley and Wallace lost or destroyed Plaintiff's confiscated property because Plaintiff

5

filed a grievance against them.

### 2. Claim for Relief - Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff transferred to Pleasant Valley State Prison (PVSP) on November 14, 2000. (Undisputed Fact (UF) 1).   Plaintiff's property arrived at PVSP at a later date. (UF 2). On December 5, 2000, Plaintiff was ducated to Receiving and Release (R&R) to retrieve his property. (UF 3). Defendants Corley and Wallace were working in R&R. (UF 4).  Defendant Corley issued Plaintiff his property. (UF 5).  Defendant Corley informed Plaintiff that a number of items were not allowed within the institution. (UF 6).  Plaintiff was informed that the property could be donated, or sent home at his expense. (UF 7). Plaintiff inquired about the grievance procedure for challenging the confiscated property. (UF 8).  Defendant Corley informed Plaintiff that the property would be held in R&R until the resolution of his grievance. (UF 9).  Plaintiff claims he filled out a trust account slip to send the property home, and prepaid the postage by giving defendant Corley stamps. (UF 10).   A few weeks later, Plaintiff received the trust account slip and the unused stamps with a note from Corley that the total cost was only $5.07, but he used 17 stamps totaling $5.61 "just to be safe." (UF 11).  Plaintiff's confiscated property was boxed and sealed. (UF 12).  Plaintiff filed a grievance regarding the confiscated property. (UF 13). When Plaintiff contacted R&R and asked that his property be sent home, he was informed that

R&R did not have his property. (UF 14).   The alleged retaliation by defendants Corley and Wallace has "absolutely not" affected Plaintiff's willingness to file administrative grievances. (UF 15).

Defendants argue that they are entitled to summary judgment on the grounds that Plaintiff's First Amendment rights were not chilled.  Plaintiff in his deposition stated that the alleged retaliation by Corley and Wallace has "absolutely not" affected his willingness or ability to file administrative grievances.  (UF 15).   Plaintiff continued to file grievances, approximately eighty-two since December 2000.  (UF 16.)  Plaintiff also stated in his deposition that the alleged retaliation has not affected his willingness to file lawsuits.  (UF17.)  He has filed at least four civil rights lawsuits since the alleged retaliation.  (UF 18.)  Plaintiff stated in his deposition that he will file an appeal or a lawsuit, or do whatever he has to do to better the situation.  (UF 19.) Defendants argue that Plaintiff's First Amendment rights were not chilled by Defendants' alleged actions because Plaintiff continued to file grievances and lawsuits after the alleged incident.

### a.   *Chilling the Exercise of First Amendment Rights*

One of the necessary elements of a retaliation claim is that the defendants' adverse action chilled the plaintiff's exercise of his First Amendment rights.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) ("<u>Rhodes</u>").  However, "[s]peech can be chilled even when not completely silenced." <u>Id</u>. at 568.  "[It] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir. 1999) ("<u>Mendocino</u>").  The correct inquiry to determine liability is "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." <u>Id</u>. at 1300 (internal quotation and citation omitted).

In reaching its conclusion in <u>Rhodes</u>, the Ninth Circuit cited to <u>Mendocino</u>, where the Ninth Circuit, <u>inter alia</u>, reversed a grant of summary judgment on claims of First Amendment violations.  There, the Ninth Circuit concluded that while the description of the elements of a First Amendment claim may be read to suggest that a plaintiff must demonstrate that his speech was actually inhibited or suppressed, it requires only a demonstration that defendants "*intended*

to interfere with [plaintiff's] First Amendment rights." (Id.) (citation omitted) (emphasis in original).

Here, Plaintiff alleges that defendants Corley and Wallace lost or destroyed Plaintiff's confiscated property without justification in order to retaliate against him for exercising his First Amendment right to file a grievance against a correctional officer. A trier of fact could find that seizure and destruction of property is adverse action that would chill or silence a person of ordinary firmness from future First Amendment activities. See Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of plaintiff's property constituted an adverse action that could chill a plaintiff's First Amendment rights). Viewing the evidence in the light most favorable to the nonmoving party, defendants have failed to demonstrate that they are entitled to summary judgment as a matter of law.

## II.     Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on August 15, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **February 3, 2009**           /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE